**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DARRIEN M. BAILEY,
Inmate #1149047,

    Plaintiff,

v.                                                  Case No. 8:06-cv-256-T-27EAJ

ST. PETERSBURG POLICE DEP'T,
OFFICER P.J. LAMONDE,
OFFICER M. CARR, and
OFFICER CHRISTOPHER B. HERRON,

    Defendants.
_____/

## ORDER

Plaintiff alleges that his civil rights were violated during his arrest on August 24, 2005 in St. Petersburg, Florida, contrary to 42 U.S.C. § 1983. Having reviewed the complaint, and even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), the complaint clearly does not warrant service on the named Defendants.

### Discussion

Pursuant to the Prisoner Litigation Reform Act ("PLRA"),[1] federal courts must dismiss an *in forma pauperis* prisoner's claim "if the allegation of poverty is untrue" or the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted, or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

---

[1] Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners.

In his complaint, Plaintiff states that Officers Lamonde, Carr and Herron used excessive force against him during his arrest. According to Plaintiff, he suffered four broken ribs, "a busted lip, knots on his forehead," and various bruises on his body as a result of the incident (Dkt. 1 at 8). Given the factual allegations in the complaint, were Plaintiff's excessive force claim properly exhausted, it would be considered under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989) ("*[A]ll* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment" (emphasis in original)). However, as discussed below, Plaintiff's claim is not properly exhausted.

Pursuant to 42 U.S.C. § 1997e(a) (2005),[2] exhaustion is a precondition to a prisoner filing an action in federal court. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2001) (citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)). Thus, the Court has an independent duty to review the complaint to ensure Plaintiff has fully exhausted his § 1983 claim. See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.) (finding that district courts should sua sponte enforce the exhaustion requirement imposed by the PLRA), cert. denied, 525 U.S. 833 (1998).

This provision applies in the present case because Plaintiff's complaint was filed after the PLRA's effective date, while he was incarcerated in the Pinellas County Jail. See Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Alexander v. Hawk, 159 F.3d

---

[2] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), as amended by the PLRA.

1321, 1334 (11th Cir. 1998). For purposes of § 1997e, Plaintiff was "in custody" at the time the alleged injuries occurred. *See Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (where the prisoner asserted a § 1983 claim arising from an incident which occurred during an arrest unrelated to his current confinement, the court held that "the PLRA should apply to prisoner lawsuits that claim injuries suffered during custodial episodes, even if such custody occurred outside prison walls."), *cert. denied*, 540 U.S. 1112 (2004).

The law is clear that exhaustion is mandatory following passage of the PLRA, see 42 U.S.C. § 1997e(a). *See also Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures); *Alexander v. Hawk*, 159 F.3d at 1325. The exhaustion requirement applies to excessive force claims. *See Higginbottom v. Carter*, 223 F.3d at 1260-61.

Section 1997e(a) does not say that exhaustion of administrative remedies is required before a case may be decided. It says that "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). In this circuit, until all available administrative remedies are exhausted, "a prisoner is precluded from filing suit in federal court," *Leal v. Georgia Dept. of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citation omitted).

Based on information provided by Plaintiff, he failed to exhaust his administrative remedies before filing his complaint (Dkt. 1 at 4). *See* Inmate Handbook, Pinellas County Sheriff's Office, Detention and Corrections Bureau at 16 (June 2005). Plaintiff does not allege, and there is nothing in the complaint that infers, that he was prevented from complying with the facility's grievance procedures.

**Conclusion**

For the foregoing reasons, the Court finds that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. §1997e(a), this matter cannot go forward at this time. Plaintiff has not shown any immediate risk of substantial or irreparable harm. Because exhaustion is a precondition to suit, amendment will not cure the deficiency in the complaint. Dismissal of the complaint will, however, be without prejudice to Plaintiff's right to refile under a new case number after exhausting his administrative remedies.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice (Dkt. 1).

2. Plaintiff's request to proceed *in forma pauperis* (Dkt. 2) is **DENIED**. Plaintiff is assessed the $250.00 filing fee. This assessment amounts to placing a lien on Plaintiff's inmate trust account pursuant to the Prison Litigation Reform Act, and the Pinellas County Jail shall place a lien on the inmate's trust account for court costs and filing fees due. The **Clerk** is directed to send a copy of this order to the Pinellas County Jail, Attention: Inmate Trust Account/Finance, 14400 49th Street, North, Clearwater, Florida 33762-2877.

3. The **Clerk** is directed to enter judgment against Plaintiff, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on May 4th, 2006.

JAMES D. WHITTEMORE
United States District Judge

SA: jsh
Copy to: *Pro se* Plaintiff